## Beker v. Stanley Company of America, Inc.

*Jay Meyers*, for plaintiffs.
*Lewis S. Kunkel, Jr.*, for defendants.

REIMEL, P. J., July 29, 1966.—Plaintiffs petitioned this court for a reargument on July 8, 1966, on their preliminary objections in the nature of a motion to strike defendants' answer. On July 6th, this court had dismissed plaintiffs' preliminary objections. Defendants objected to plaintiffs' petition for reargument, but the court decided to allow the petition because of

the important question involved, and argument was presented by both counsel on July 25th.

A history of the case is as follows: Plaintiffs, an elderly husband and wife, slipped and fell on the outside steps of a movie theatre. A complaint in trespass was filed more than a year later charging the Stanley-Warner Corporation with negligence. The complaint was filed in October, 1965, and the accident occurred in May, 1964. A few months went by and plaintiffs evidently felt that they had not joined all the responsible parties, so, on January 5, 1966, an amended complaint was filed adding Stanley-Warner Management Corporation and Stanley-Warner Theatres, Inc., as defendants. After some discussion with the attorney for defendants, it was agreed that Stanley-Warner Corporation and Stanley-Warner Management Corporation were not the responsible parties, and a stipulation by the attorneys was entered into whereby it was agreed that Stanley Company of America, Inc., would be substituted for the two aforementioned corporations. On the basis of that stipulation, a second amended complaint was filed by plaintiffs on March 30, 1966, charging Stanley Company of America, Inc. and Stanley Warner Theatres, Inc., with breach of duty. It should be noted that in all three complaints filed, the factual allegations never changed. The amended complaints were strictly an attempt to sue the proper defendant.

Understandably, no answer had been filed up to the time that the second amended complaint had been filed. An answer was subsequently filed, but it was not filed until June 9th. The answer denied ownership, control or possession of the steps where the accident occurred. By this time, the statute of limitations had run, and plaintiffs were left without a remedy after plaintiffs filed their preliminary objections.

The contention is made by plaintiffs that an answer

to a complaint in trespass denying ownership, operation and control or agency cannot be made after the statute of limitations has run. That is the issue before the court.

The court is of the opinion that it erred in its original dismissal of plaintiffs' preliminary objections. While it is true that an answer can be filed without leave of court, even after the expiration of the 20-day limitation, this permissive practice will not be allowed where it would prejudice plaintiffs: 1 Goodrich-Am. §1045(c)-1, page 293. Such an answer is not a responsive answer under Pa. R. C. P. 1045, and will not be allowed. Both attorneys had overlooked the unlikely possibility that control over the theatre and the steps rested with different people. But the attorney for defendants was on notice from the time of the filing of the original complaint, or sooner, that the accident occurred on these steps. The burden must, in fairness, fall on defendants. Defendants will be deemed to have admitted control over the steps in question.

## ORDER

And now, July 29, 1966, the order of this court dismissing preliminary objections is vacated and, after reargument thereon, the court orders that the preliminary objections be sustained.